Walter E. MORSE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16838.

United States Court of Appeals Eighth Circuit.

Oct. 27, 1961.

Walter E. Morse, pro se.

D. Jeff Lance, U. S. Atty., St. Louis, Mo., and W. Francis Murrell, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before SANBORN, MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

The appellant is a federal prisoner under sentences totaling twelve years of imprisonment. The sentences were imposed February 21, 1957. They were based upon his plea of guilty to an information charging, in three counts, three separate and distinct offenses, violations of 18 U.S.C. § 2115, which provides: "Whoever forcibly breaks into or attempts to break into any post office, or any building used in whole or in part as a post office, with intent to commit in such post office, or building or part thereof, so used, any larceny or other depredation, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

At the time of his arraignment on February 21, 1957, appellant was represented by counsel appointed by the court. Both he and his counsel had signed a waiver of indictment. He entered a plea of guilty to the offenses charged in Counts 1, 2 and 3 of the information. The court imposed a sentence of four years imprisonment under each count, the sentences to run consecutively and not concurrently, making an aggregate term of imprisonment of twelve years. Appellant has been confined in the United States Penitentiary at Leavenworth, Kansas, since March 11, 1957.

He has repeatedly and repetitiously filed motions under 28 U.S.C. § 2255 for the vacation or reduction of the term of imprisonment imposed by the judgment of February 21, 1957. His motions have been denied. His last motion under § 2255 was filed April 20, 1961. It and his motion for the issuance of a writ to bring him before the court to testify were denied, without a hearing, on June 22, 1961. This appeal is from the order denying his latest motion to vacate the judgment and commitment of February 21, 1957, in so far as it is based on Counts 2 and 3 of the information.

In his motion appellant complained of not being promptly taken before a United States Commissioner after his arrest, and of having been coerced into making a statement,— things which took place prior to his waiver of indictment, and arraignment in the District Court. These matters are, of course, past history having no relation to the validity of the judgment entered on his plea of guilty to the information. He also asserts that he was not adequately advised by the District Court of the nature of the offenses charged, the range of allowable punishment thereunder, or the possible defenses available to him. He also states in his motion, but not in his brief, that the court did not appoint competent counsel to represent him. The record on appeal does not sustain his assertions that he was not represented by competent counsel and that he was not fully advised as to the offenses charged against him and as to the penalties prescribed by law for the commission of such offenses.

By pleading guilty to the information he convicted himself of the offenses charged. "A plea of guilty is not a mere admission or extra-judicial confession of guilt; it is itself a conviction and as conclusive as the verdict of a jury. One entering such a plea may be held bound by it. Kercheval v. United States, 274 U.S. 220, 223–224, 47 S.Ct. 582, 71 L.Ed. 1009." Friedman v. United States, 8 Cir., 200 F.2d 690, 696.

The contentions of appellant that his waiver of indictment covered only the first count of the information, that he did not waive indictment as to Counts 2 and 3, that three waivers of indictment were necessary to justify the cumulative sentences imposed, and that the District Court could lawfully impose only one four-year sentence, are without merit.

The judgment of February 21, 1957, has become invulnerable to attack. Any reduction of appellant's term of imprisonment can come only by way of parole or executive clemency.

 This appeal is plainly frivolous. It is dismissed.