301 F.2d 631
 John Wesley JOHNSON, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 16898.
 United States Court of Appeals Eighth Circuit.
 April 26, 1962.
 
 1
 David M. Grant, St. Louis, Mo., for appellant and James A. Bell, St. Louis, Mo., on the brief.
 
 
 2
 John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee and D. Jeff Lance, U. S. Atty., St. Louis, Mo., on the brief.
 
 
 3
 Before VOGEL and RIDGE, Circuit Judges, and DEVITT, District Judge.
 
 
 4
 DEVITT, District Judge.
 
 
 5
 This appellant, convicted in 1961 by his pleas of guilty to narcotics law violations, and now serving prison terms totalling 20 years, appeals from the denial of his motion for the vacation of the prison sentences.
 
 
 6
 Defendant appeared in the United States District Court at St. Louis, Missouri, on three occasions in 1961, twice before Judge Moore, and once before the late Judge Weber. On each occasion he was represented by counsel of his own choosing, Mr. James A. Bell.
 
 
 7
 On January 5, 1961 the defendant pled not guilty to two counts of an indictment (No. 60 Criminal 263(1)), charging unlawful transportation of narcotics and unlawful possession of narcotics. Trial was set for February 20, 1961, and defendant was released on bail.
 
 
 8
 On February 20, 1961, defendant again appeared in court and was charged in a second indictment (61 Criminal 17(1)) of two counts with unlawful receipt and concealment of heroin, and with unlawful sale of narcotics. These offenses allegedly took place on January 20, 1961 during the time defendant was free on bail following the arraignment on January 5, 1961.
 
 
 9
 At the February 20th hearing, defendant's counsel moved for the consolidation of the two cases for trial. This was granted. The government moved to dismiss Count I in each of the two indictments, the defendant then withdrew his former plea of not guilty to the first indictment (No. 60 Criminal 263(1)), and pled guilty to Count II in each indictment. A pre-sentence investigation was ordered.
 
 
 10
 On April 13, 1961 defendant appeared before Judge Weber and was sentenced to 7 years imprisonment in the first indictment (60 Criminal 263(1)) and to 13 years imprisonment in the second indictment (61 Criminal 17(1)), the sentences to run consecutively.
 
 
 11
 The appellant now claims that the trial court, in accepting the guilty pleas, violated the mandate of Rule 11, Federal Rules of Criminal Procedure, 18 U.S. C.A., and that Judge Weber erred in denying his later made motion, under 28 U.S.C.A. § 2255, for vacation of the sentence imposed.
 
 
 12
 To the extent pertinent, Rule 11, Federal Rules of Criminal Procedure, 18 U.S. C.A., provides that:
 
 
 13
 "A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. * * *"
 
 
 14
 The transcript of the arraignments and sentencing proceedings are contained in the files and records. They clearly demonstrate that the guilty pleas entered by the defendant through his counsel were made voluntarily and with full understanding of the nature of the charges against him.
 
 
 15
 In reaching this conclusion we have read and judged the transcript as a whole, and have given consideration to the fact that the defendant was represented by his own counsel, and, apparently an attorney of unquestioned competence; that the defendant was a person knowledgeable in criminal matters, had served several prison and jail sentences, and had been in court on many occasions in connection with charges of robbery, receiving stolen property, white slavery and other offenses; and the fact that all of the proceedings were conducted before experienced trial judges well qualified to judge the voluntariness of guilty pleas.
 
 
 16
 We conclude that it does not appear that the court failed to determine that the defendant's pleas of guilty were made voluntarily with an understanding of the nature of the charges, and that Judge Weber did not err in denying without hearing the defendant's motion for vacation of sentence. See and compare, Morse v. United States, 8 Cir., 295 F.2d 30.
 
 
 17
 The appeal is dismissed.