**Walter Eugene MORSE, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 17089.

United States Court of Appeals
Eighth Circuit.

June 29, 1962.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

### PER CURIAM.

Three consecutive sentences of four years each were imposed on appellant in 1957, on his plea of guilty to each of the three counts in an information, charging violations of 18 U.S.C. § 2115, in the burglary of three post offices located in the Eastern District of Missouri.

Appellant has since engaged in filing seven successive motions to have his sentences vacated, all of which have been denied without a hearing. The motions have been repetitious in their grounds, and in a dismissal by us, as frivolous, of the appeal taken by appellant from the denial of his last preceding motion, we took occasion to suggest to him that the judgment had by this time become invulnerable to these repeated attacks.

Morse v. United States, 8 Cir., 295 F.2d 30.

In the motion which has since been filed by him, appellant has repeated the grounds of his previous motions, but he has, however, added one new charge. The substance and effect of this charge are that, at the time he made a confession to a Postal Inspector of the three burglaries, the Government had no evidence on which to base a prosecution of him; that he was induced to make the confession, and thereby enable the Postal Inspector to clean up the several burglaries, upon a promise of the Postal Inspector that a complaint would be filed against him as to only one of the offenses; and that, in further inducement and reward, the Postal Inspector also represented to him that he "would only get a '4' year sentence", with this assurance being stated to have the basis "that he had talked to the Judge and that the Judge would go along with him".

In view of appellant's six previous motions in which no such charge has been suggested, and in the light of a statement by him contained in the trial court files that "I will keep on with this case no matter what you do about it", his added ground at this late date, because of its nature, may well be suspect. But nevertheless his charge that the Postal Inspector had promised, in inducement and reward for appellant's confessing and helping to clean up the various burglaries, that appellant would be given only a four-year sentence, and had represented that he was able to make this assurance because he had talked to the judge and the latter was willing to go along on this basis, is an assertion of claimed facts, whose truth or falsity can legally be determined only by means of a hearing. And the character and significance of these claimed facts are such as judicially to require that the question of their truth be determined.

The order of the trial court is vacated, and the cause is remanded for hearing solely upon such charge. Appellant is without right to a hearing upon any of

the other contentions or questions contained in the motion, all of these being frivolous, as held on his previous motions.

Judgment vacated and cause remanded for hearing as indicated herein.