**Walter Eugene MORSE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 57 Cr. 46(1).

United States District Court
E. D. Missouri, E. D.

Feb. 18, 1963.

Mortimer A. Rosecan, St. Louis, Mo., for petitioner.

Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for respondent.

MEREDITH, District Judge.

This matter comes before the Court pursuant to an Order of the United States Court of Appeals for the Eighth Circuit in Cause No. 17089, rendered on June 29, 1962, vacating the trial court's order overruling petitioner's motion for a hearing to vacate sentence imposed in 1957. Petitioner was returned to St. Louis, Missouri, on September 27, 1962, and a hearing was had on November 30, 1962.

The petitioner was given three consecutive sentences of 4 years each in 1957, on his plea of guilty to each of the three counts of an information charging violations of 18 U.S.C. § 2115, in the burglary of three post offices at Dillard, at Safe, and at Davisville, Missouri, all towns located in the Eastern District of Missouri. Since being sentenced the petitioner has filed seven motions to have his sentence vacated, all of which were denied without a hearing.

The sole basis on which the United States Court of Appeals for the Eighth Circuit granted a hearing was on petitioner's allegation that he was induced to make the confession to a postal inspector of the three burglaries in question upon the representations by the postal inspector that he would get only a four-year sentence and that the judge had assured the postal inspector that he would impose such a sentence.

This Court on the 6th day of September, 1962, issued an order bringing the petitioner back to St. Louis from confinement in the United States Penitentiary at Leavenworth, Kansas.

Upon petitioner's return to St. Louis, the Court appointed an able and experienced lawyer, well versed in all aspects of criminal law, to represent him. At the request of the petitioner this Court required the United States Attorney to subpoena F. J. Romph, the postal inspector who took the confession of petitioner originally; Mrs. Norma Morse, the ex-wife of petitioner, who is presently named Mrs. Ralph Gorgos; the postmaster at Davisville, Missouri, who was in charge of the post office at the time of one of the burglaries in question; Ralph Crow, an attorney at Rolla, Missouri, who represented petitioner in connection with four charges of burglary which were filed against the petitioner in the state courts at the time he pled guilty to the federal charges; Fred Roth, the attorney originally appointed by the district court to represent the petitioner when he entered the plea of guilty. Testimony of all these persons was taken at the hearing. The order of this Court further required the postmaster to bring a chart of the post office building at Davisville, Missouri, and the postal inspector was required to bring all of his notes in connection with the postal burglaries. The Court further ordered the government to produce the petitioner's naval medical records from the time he served in the Navy in 1944.

The Court gave the petitioner great latitude in all answers of inquiry at the time of trial.

The facts as found by the Court are as follows:

Petitioner Morse was confined in the jail at Steeleville, Missouri, prior to December 22, 1956, facing three separate charges under the state law of burglaries alleged to have occurred in separate counties in Missouri. If found guilty of these charges, sentences could have been imposed up to 5 years on each charge plus an additional 5 years on each charge if larceny was included. Since he had a previous criminal record, the possibility of a greater sentence existed under the Missouri Habitual Criminal Act. The postal inspector talked to the petitioner on December 22, 1956, to ascertain if he had any connection with the postal burglaries committed in Dillard, Safe, and Davisville, Missouri. At this time petitioner gave him no information. Prior to questioning petitioner, the postal inspector advised him of his right not to give information that could be used against him and of his right to have his lawyer present. Petitioner was similarly advised by the postal inspector on all subsequent interviews.

During the time Morse was confined in the jail at Steeleville, Missouri, facing state charges, he had an attorney at Rolla, Missouri, who was employed for the purpose of defending Morse only on the state charges. This attorney discussed with the various state prosecuting officials the possibility of the state not prosecuting the state charges against Morse in the event Morse was prosecuted on federal charges, and while petitioner's attorney did not receive any definite assurances, based on his past experience and practice, it was his opinion that this would be done. This attorney did not discuss any of these matters with federal officials.

The postal inspector talked to petitioner Morse again on January 8, 1957, and Morse gave him no information, but on February 7, 1957, Morse signed a written confession in which he detailed facts showing that he had committed postal burglaries at Safe, Missouri, on January 16, 1956; at Davisville, Missouri, on June 14, 1956, and at Dillard, Missouri, on December 7, 1956.

The written confession signed by the petitioner contained this paragraph:

"I have been informed of my constitutional rights and am fully aware that I am not required to give any

statement, make any statement or sign any statement. I have been informed that this statement may be used against me. Inspector Romph has talked with me in detail and has not made any promises of any kind to me and has not threatened me in any manner. My attorney, Mr. Ralph Crow, Rolla, Mo., has talked with me and has knowledge of this statement and has approved my giving the statement."

The petitioner in his testimony at this hearing admitted that the statement was true in all respects except for this sentence:

"Inspector Romph has talked to me in detail and has not made any promises of any kind to me and has not threatened me in any manner."

The petitioner also testified that in addition to the three occasions on which the postal inspector talked to him, the postal inspector also talked to him on February 5, 1957, at which time petitioner stated that the postal inspector advised him he would get only a four-year sentence and that he, the postal inspector, would talk to the judge and see if the judge would go along with him. Petitioner also testified that on February 7, 1957, the postal inspector returned and told him that the judge had agreed to go along with him and that he would get only a four-year sentence, and based upon this promise he made the confession. Petitioner was very careful in his testimony about the alleged deal he made with the postal inspector. He testified that only he and the postal inspector were present at the time the alleged deal was made. However, the evidence shows that on February 7, 1957, during most of the time that the postal inspector interviewed the petitioner, either the sheriff of Crawford County or the prosecuting attorney of that county was present.

While petitioner testified that he informed his wife of the alleged deal, her testimony does not support his assertion. Both attorneys for the petitioner testified that he had not informed them of the alleged deal.

Apart from the petitioner's testimony, there was no evidence that the postal inspector talked with the petitioner on February 5. The diary of the postal inspector was submitted in evidence. The entry in this diary for February 5, showed that the postal inspector was not in Steeleville on February 5th. The Court finds that the postal inspector did not talk with petitioner on February 5th, the date when the alleged promise of a four-year sentence was made.

There was evidence to support the conclusion that the reason petitioner made the confession was the preference to be confined in the federal penitentiary rather than the State of Missouri penitentiary.

On February 8, 1957, the postal inspector signed a complaint charging a postal burglary at Safe, Missouri. Based on this charge, the petitioner was removed from the jail at Steeleville and taken to the City Jail in St. Louis, Missouri. After being in the City Jail at St. Louis, and on or about February 15, 1957, he was brought before the federal district court, where an attorney was appointed to represent him. This attorney, who interviewed petitioner on several occasions, testified that petitioner admitted to him the postal burglaries, but did not report on the alleged promises made by the postal inspector or any other federal official.

The petitioner testified that he was brought before the Court on the 15th day of February, 1957, that the Court instead of advising him of his constitutional rights, told him that he should waive indictment and plead guilty to avoid a possible 18 months in jail awaiting the grand jury indictment and a probable additional 18 months thereafter awaiting trial. This unverified testimony of the petitioner is, of course, the desperate effort of a man who is trying now to get out of the penitentiary. His testimony in this regard is not supported by the facts. The transcript of the hearing on this date shows no such conversation took place. The Court so finds.

The petitioner further testified that he never saw a copy of the information until he entered the plea of guilty on February 21, 1957. However, at petitioner's request, his own court-appointed attorney waived the privilege and testified that the petitioner was furnished a copy of the information and that he went over it in detail with petitioner prior to the time they appeared in Court. The attorney testified that he was completely aware of the charges against him. This Court is fully and completely satisfied that there is no basis for even the remotest belief that any threats or promises of any kind were made to petitioner to induce him to enter a plea of guilty to the three counts in question on petitioner's motion.

The second matter before the Court is the motion of petitioner made during hearing for permission to withdraw his plea of guilty to Count 3 regarding the Davisville burglary and enter a plea of not guilty. It is petitioner's position that his plea of guilty to Count 3 was made without fully understanding the nature of the offense charged and that upon all the facts developed at the hearing, petitioner as a matter of law was not guilty as charged in the third count of the information.

Petitioner contends that he did not know until he was actually before the Court for sentencing that the information contained three counts. It is pointed out that the complaint contained but one offense which assertedly confused the petitioner as to his plea of guilty. As further evidence of his lack of understanding of the offense charged, it is pointed out that the information shows that the dates of the three burglaries were juxtaposed in the three counts,[1] a fact not noticed at the time of sentencing by the Court, the United States Attorney, defendant or his counsel.

While these facts are suggestive of a certain amount of confusion, petitioner has shown, and appeared at the hearing to show, considerable intelligence about these matters. If his confession is considered a part of his plea of guilty, the statements contained therein negative confusion surrounding his plea of guilty as to when and where this offense occurred.

Petitioner raises no issue as to his plea of guilty to Counts 1 and 2, having clearly admitted his guilt therein. However, petitioner states that as a matter of law he is not guilty of the crime as charged in Count 3. The attorney for petitioner has made a very persuasive argument, but the facts do not permit withdrawal of the plea. The facts are not disputed that petitioner broke into the building containing a post office at Davisville, Missouri, and entered the post office section of the building. The cash drawer in the post office section had been opened and contained only $2.00 and stamps, which were not taken by petitioner. He tried to open a safe containing postal stamps and funds and could not. He then took from the other part of the building, which contained a general store, a number of more desirable items valued at $600.00. These facts are sufficient to constitute the offense as charged, including the requisite intent when breaking and entering. In consideration of the foregoing facts, the intelligence of the petitioner, the fact that petitioner was represented by counsel and recognizing that the motion to withdraw the plea came some six years after imposition of sentence, the Court in its discretion is constrained to hold that there is no manifest injustice to correct under Rule 32 (d) of the Federal Rules of Criminal Procedure.

[1]. He was charged in Count 1 with committing a burglary on or about January 16, 1956, at Safe, Missouri, when the actual date was January 9, 1956. Count 2 charged burglary committed at Dillard, Missouri, on or about June 15, 1956, when the actual date was December 7 or 8, 1956. Count 3 charged him with committing a burglary at Davisville, Missouri, on or about December 7, 1956, when the actual date was June 14 or June 15, 1956.

The petitioner's motion to withdraw his plea of guilty to Count 3 will be denied.

The Court finds no basis for allegations that his plea of guilty to all counts was made as a result of an inducement but finds it was made voluntarily and with a full understanding of the charge.

The motion to vacate the sentence will be denied.