Walter Eugene **MORSE**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17326.

United States Court of Appeals Eighth Circuit.

Nov. 5, 1963.

Walter Eugene Morse pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VOGEL, MATTHES and MEHAFFY, Circuit Judges.

PER CURIAM.

In 1957 Morse entered a plea of guilty to each of the three counts in an information charging violations of 18 U.S.C. § 2115, in the burglary of three post offices.

On March 26, 1962, appellant filed a motion under 28 U.S.C. § 2255, to vacate the judgment of conviction. This motion was denied by the district court, without a hearing, on May 14, 1962. On appeal we observed in our unreported order entered on June 29, 1962, that Morse has, since his conviction, engaged in filing seven successive motions which have been repetitious in their grounds, and that in the dismissal of the appeal from the last preceding motion filed April 20, 1961, we suggested to Morse that the judgment had by this time become invulnerable to the repeated attacks made thereon. See Morse v. United States, 8 Cir., 295 F.2d 30.

In our order of June 29, we further noted that in the last motion filed by appellant (March 26, 1962), a new charge had been added, the substance of which was that at the time he made a confession of the three burglaries to a postal inspector, the Government had no evidence on which to base a prosecution of him; that he was induced to make the confession and thereby enabled the postal inspector to clean up the several burglaries upon a promise that a complaint would be filed against him as to only one of the offenses, and that in further inducement and reward the postal inspector repre-

sented to him that he would only receive a four-year sentence. In view of appellant's six previous motions in which no such charge had been suggested, and in light of a statement by him contained in the trial court files that "I will keep on with this case no matter what you do about it," we observed that "his added ground at this late date, because of its nature, may well be suspect." Nevertheless, being of the view that the new ground constituted an assertion of claimed facts, we vacated the order of the district court and remanded "for hearing solely upon such charge," directing further that "Appellant is without right to a hearing upon any of the other contentions or questions contained in the motion, all of these being frivolous, as held on his previous motions."

Upon remand, the district court, Judge Meredith, appointed a seasoned and capable lawyer who is experienced in the trial of civil and criminal cases, to represent appellant. Notwithstanding our direction to limit the hearing to the one issue delineated in our order remanding the cause, the court permitted appellant, who had been returned from the federal prison at Leavenworth, Kansas, and his counsel wide latitude in the hearing. This is manifested by Judge Meredith's memorandum opinion denying the order, Morse v. United States, D.C., 215 F.Supp. 398.

On this appeal, appellant, as he did below, asserts that his plea of guilty to the three counts in the information was induced by assurances of the postal inspector that he would receive a maximum sentence of four years for the burglary of the three post offices. This being the very issue that was fully tried in the district court, the question is whether the court's finding on this issue is clearly erroneous.

The pertinent facts are accurately stated in Judge Meredith's opinion, supra, 215 F.Supp. 398, and need not be repeated. It is sufficient to say that we have with care examined the transcript of the proceedings and are satisfied that the overwhelming weight of the evidence

demonstrates that appellant voluntarily, understandingly and without coercion, inducement or promise of any kind entered a plea of guilty to the three offenses as charged in the information.

Interwoven with appellant's claim of error on the part of the district court is the assertion that the judgment of conviction as to two of the counts is vulnerable to collateral attack because the complaint filed with the United States Commissioner upon which the warrant for arrest was issued, alleged the commission of only one of the burglaries. This contention is utterly lacking in merit. We have examined the complaint. It was sufficient to enable the Commissioner to determine that the "probable cause" required to support a warrant existed. See Rule 4, F.R.Crim.P. Appellant's arrest and all subsequent proceedings were entirely legal.

The order appealed from is

Affirmed.